UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PABLO CASTRON MARRON,<br><br>Defendant. | CR. NO. 2:95-235-03 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

Before the court is defendant Pablo Castro Marron's Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 352.)

I. Factual and Procedural History

On June 11, 2012, defendant pled guilty pursuant to a plea agreement to one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Sentencing Tr. (Docket No. 351); Plea Agreement (Docket No. 336.)) In the plea agreement, the parties agreed to a 120-month

1

sentence and agreed that defendant's offense carried a 10-year mandatory minimum sentence.[1]  The parties also agreed to the Factual Basis attached to the plea agreement, which stated, among other things, that defendant intended to manufacture more than 100 grams of actual methamphetamine or more than one kilogram of a mixture containing methamphetamine.  (Plea Agreement Ex. A.)

Under the then-existing Sentencing Guidelines, the Presentence Report determined that the base offense level was 32 for an offense involving at least 50 grams but less than 150 grams of actual methamphetamine.  Subtracting three levels for acceptance of responsibility and timely notification of his intent to plead guilty, defendant's total offense level was 29.  Defendant also had three criminal history points due to a disorderly conduct conviction and his commission of the instant offense while on probation, resulting in a criminal history category of II.  The PSR suggested that this category overstated defendant's criminal history but recommended no downward departure because the low end of the Guidelines range was the mandatory minimum sentence.  Based on the total offense level, the criminal history category, and the statutory minimum sentence, defendant's Guidelines range sentence was 120 to 121 months, though the parties later agreed that absent the mandatory minimum sentence, the Guidelines range would have been 97 to 121 months.  (PSR 9-12, 15; Sentencing Tr. 4-5.)

Judge Edward J. Garcia held a sentencing hearing on October 26, 2012.  At the hearing, Judge Garcia expressed his

---

[1] See 21 U.S.C. § 841(b)(1)(A)(viii).

concern that if defendant had received a criminal history category of I and had been debriefed, he would have been eligible for a "safety valve" exception to the mandatory minimum sentence.[2] However, Judge Garcia noted that defendant had not in fact been debriefed, and the government argued that debriefing was not an issue because (1) the defendant had never requested to be debriefed, and (2) the parties had agreed to the ten-year mandatory minimum sentence in the plea agreement, though the government could have sought a longer sentence due to defendant's alleged obstruction of justice based on his lengthy fugitive status after being charged. (Sentencing Tr. 6-9.)

Judge Garcia then explained that he was willing to put over sentencing should defendant wish to be debriefed. In response, the government explained that it would not agree to a lower sentence and would potentially withdraw from the plea agreement if defendant was allowed to be debriefed. The defendant ultimately decided that it would be better to move forward with the plea agreement than go to trial or plead guilty without the plea agreement. Judge Garcia then accepted the plea agreement and imposed a 120-month sentence. (Sentencing Tr. 10-13.)

II. Discussion

Defendant now moves to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). The crux of his argument is that his Guidelines range was lowered by Amendment 782 to 78-97 months, and that the

---

[2] See U.S.S.G. § 5C1.2(a)(5).

mandatory minimum sentence of ten years does not apply because Judge Garcia "effectively determined" that he was eligible for the safety valve exception to the mandatory minimum sentence.

Amendment 782 retroactively modifies the Drug Quantity Table in § 2D1.1 and reduces by two points the base offense level for most federal drug offenses. See U.S.S.G. supp. to app. C, amend. 782. Section 3582(c)(2) provides that, when a defendant is sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To grant a motion under 18 U.S.C. § 3582(c)(2), the court must determine that a reduction is consistent with the policy statement promulgated in § 1B1.10. Dillon v. United States, 560 U.S. 817, 826-27 (2010). Section 1B1.10 provides that a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) only if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual." U.S.S.G. § 1B1.10(a). Moreover, "[a] retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term." United States v. Sykes, 658 F.3d 1140, 1146 (9th Cir. 2011) (citations omitted).

As an initial matter, the court rejects defendant's contention that Judge Garcia "effectively determined" that defendant was eligible for safety valve relief from the mandatory minimum sentence. Rather, Judge Garcia merely explained that if

4

he determined that a Criminal History Category of I applied and "if [defendant] had complied with the debriefing requirement," defendant "would become eligible for a safety valve consideration." (Sentencing Tr. 7.) However, defendant did not debrief before sentencing, and he declined Judge Garcia's invitation to put over sentencing to allow him to do so, despite Judge Garcia's comments regarding the benefit of debriefing. Instead, he choose to move forward with sentencing pursuant to the plea agreement, based on the determination that it would be better to proceed under the plea agreement than risk the government's withdrawal from the agreement. (Sentencing Tr. 11-12.) Thus, defendant was and is not eligible for safety valve relief from the mandatory minimum sentence.

Whether defendant's 120 month sentence was based on the Guidelines range, the mandatory minimum, or the parties' plea agreement, it is undisputed that defendant's purported amended Guidelines range of 78-97 months is below the ten-year statutory mandatory minimum. "It is axiomatic that a statutory minimum sentence is mandatory" and, as discussed above, "[a] retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term." Sykes, 658 F.3d at 1146; see also United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996) (holding that the mandatory minimum "was not affected by the change in the [drug] equivalency tables" and, thus, "the district court had no authority to reduce [the defendant's] sentence under § 3582(c)(2)"). Here, because the statutory mandatory minimum sentence applies, the court may not reduce defendant's sentence below that minimum of 120 months which defendant already

5

received.  Accordingly, the court lacks jurisdiction to grant the requested sentence reduction and must deny defendant's motion.

    IT IS THEREFORE ORDERED that defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 352), be, and the same hereby is, DENIED.

Dated:  November 17, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE